UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN DENAE SARBER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, an Illinois corporation, and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No. 8:24-cv-00687-JWH-JDE<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

Before the Court is the motion of Plaintiff Morgan Denae Sarber to remand this case to Orange County Superior Court.[1] In broad strokes, Sarber argues that Defendant Reliance Standard Life Insurance Company ("RSLIC") has not presented sufficient evidence to establish that the amount in controversy in this action exceeds the $75,000 statutory threshold for this Court to exercise subject matter jurisdiction under 28 U.S.C. § 1332.[2] On its own motion, the Court **DIRECTS** the parties to engage in jurisdictional discovery and to provide supplemental briefing regarding the amount in controversy.

The Court is vested with "broad discretion" to permit or deny discovery. *Laub v. U.S. Dept. of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). Further, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quoting *Butcher's Union Loc. No. 498, United Food and Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Discovery should be granted when, as here, "the jurisdictional facts are contested or more facts are needed." *Id.*; *see also Brophy v. Almanzar*, 359 F. Supp. 3d 917, 926 (C.D. Cal. 2018) (*sua sponte* order for the parties to conduct jurisdictional discovery to clarify whether the amount in controversy requirement was met). The Court concludes that jurisdictional discovery is appropriate for the parties to establish the amount in controversy and for the Court definitively to determine whether it possesses subject matter jurisdiction.

## I. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

---

[1] Pl.'s Mot. to Remand Case to Orange County Superior Ct. (the "Motion") [ECF No. 17].

[2] *Id.*

1. RSLIC is **GRANTED** leave to engage in jurisdictional discovery, including, but not limited to, narrowly tailored interrogatories and requests for admission.

2. Sarber is **DIRECTED**, on or before July 26, 2024, to perform the following actions, as provided by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure:

    a. serve on RSLIC a computation of each category of damages that Sarber claims in this action; and

    b. make available to RSLIC for inspection and copying the documents or other evidentiary material on which each computation is based.

3. The parties and their respective counsel are **DIRECTED** to review and to consider carefully their obligations under the Local Rules and Rule 11 of the Federal Rules of Civil Procedure; in particular, Rule 11(b)(3) and Rule 11(b)(4). Upon such consideration, if any party decides to withdraw any filings, then they may do so in accordance with the Local Rules. *See, e.g.*, L.R. 7-16.

4. Each party is **DIRECTED** to file no later than August 30, 2024, supplemental briefing on the issue of the amount in controversy. Each party's brief should be no more than five pages in length. A hearing on this Order to Show Cause is **SET** for September 27, 2024, at 9:00 a.m., in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

5. The hearing on Sarber's Motion to Remand is **CONTINUED** to September 27, 2024, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: June 25, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE